1  **S. BRETT SUTTON 143107**
   **JARED HAGUE 251517**
2  **SUTTON HAGUE LAW CORPORATION**
   6715 N. Palm Avenue, Suite 216
3  Fresno, California  93704
   Telephone:  (559) 325-0500
4  Facsimile:  (559) 981-1217

5
   Attorneys for Plaintiffs:
6  ANGELA CRUZ, MARIA MADRIGAL,
   LOURDES BAIZ, and CHRISTIE GOODMAN
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                              * * *

11
   ANGELA CRUZ, MARIA MADRIGAL          Case No.  1:15-cv-01563-EPG
12 LOURDES BAIZ, and CHRISTIE
   GOODMAN individuals, residing in     **CLASS ACTION**
13 California,
                                         **PLAINTIFFS' FIFTH AMENDED**
14          Plaintiffs,                  **COMPLAINT FOR:**

15          vs.                          1)  **Failure To Pay Minimum Wages In**
16                                           **Violation Of Labor Code §§ 1197,**
   MM 879, INC., a corporation; BARRETT      **1194 & 1194.2;**
17 BUSINESS SERVICES, INC., a corporation;
   THE SERVICEMASTER COMPANY LLC,       2)  **Failure To Pay Overtime In**
18 a limited liability company; MERRY MAIDS     **Violation Of Labor Code § 510;**
   LP, a limited partnership; MM MAIDS LLC,
19 a limited liability company; and DOES 1  3)  **Failure To Provide All Mandated**
   through 98, inclusive,                    **Meal Periods Or Additional Wages**
20                                           **In Lieu Thereof;**
            Defendants.
21                                       4)  **Failure To Provide All Mandated**
                                             **Rest Periods Or Additional Wages**
22                                           **In Lieu Thereof;**

23                                       5)  **Failure To Issue Accurate Wage**
                                             **Statements In Violation Of Labor**
24                                           **Code § 226;**

25                                       6)  **Failure To Timely Pay Wages Due**
                                             **At Termination In Violation Of**
26                                           **Labor Code §§ 201, 202 & 203;**

27                                       7)  **Failure To Reimburse Business-**
                                             **Related Expenses In Violation Of**
28                                           **Labor Code § 2802;**

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

1
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

8) **Unfair Competition (Bus. & Prof. Code § 17200);**

9) **Declaratory Relief;**

**CLAIMS UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 ET SEQ.):**

10) **Failure to Pay Minimum Wages (Labor Code § 1197.1);**

11) **Unpaid Wages (Labor Code § 210);**

12) **Unpaid Overtime (Labor Code § 558);**

13) **Meal Period Violations (Labor Code § 558);**

14) **Rest Period Violations (Labor Code § 558);**

15) **Failure to Issue Accurate Wage Statements (Labor Code § 226.3);**

16) **Failure to Maintain Complete and Accurate Payroll Records (Labor Code § 1174.5);**

17) **Failure to Timely Pay Wages Due at Termination (Labor Code §§ 201, 202, & 203);**

18) **Failure to Reimburse Business-Related Expenses (Labor Code § 2802).**

**JURY TRIAL DEMANDED**

## I. GENERAL ALLEGATIONS

**A.    THE PARTIES**

1.    Plaintiff ANGELA CRUZ (hereinafter "CRUZ") is, and at all times mentioned herein was, an adult female residing at all times alleged herein in Fresno County, California.

2.    Plaintiff MARIA MADRIGAL (hereinafter "MADRIGAL") is, and at all times mentioned herein was, an adult female residing at all times alleged herein in Fresno County, California.

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

2
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

3.      Plaintiff LOURDES BAIZ (hereinafter "BAIZ") is, and at all times mentioned herein was, an adult female residing at all times alleged herein in Fresno County, California.

4.      Plaintiff CHRISTIE GOODMAN (hereinafter "GOODMAN") is, and at all times mentioned herein was, an adult female residing at all times alleged herein in San Joaquin County, California. CRUZ, MADRIGAL, BAIZ and GOODMAN are referred to collectively hereinafter as "PLAINTIFFS."

5.      PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, Defendant MM879, INC., doing business as MERRY MAIDS OF FRESNO and/or MERRY MAIDS OF LODI, referred to hereinafter as "MM879."

6.      PLAINTIFFS are informed and believe, and thereon allege, that Defendant BARRETT BUSINESS SERVICES, INC. (hereinafter "BBSI") is a Maryland corporation, qualified to do business in California, with its principal place of business in the City of Vancouver, County of Clark, State of Washington.

7.      PLAINTIFFS are informed and believe, and thereon allege, that Defendant THE SERVICEMASTER COMPANY LLC (hereinafter "SERVICEMASTER") is a Delaware corporation, qualified to do business in California, with its principal place of business in the City of Memphis, County of Shelby, State of Tennessee. Plaintiffs originally sued SERVICEMASTER under the erroneous name SERVICEMASTER, INC. This error has been corrected in the instant Fifth Amended Complaint.

8.      PLAINTIFFS are informed and believe, and thereon allege, that Defendant MERRY MAIDS LP is now, and at all times relevant to this Complaint was, a Delaware limited partnership qualified to do business in California, with its principal place of business in the City of Memphis, County of Shelby, State of Tennessee.

9.      PLAINTIFFS are informed and believe, and thereon allege, that Defendant MM MAIDS LLC is now, and at all times relevant to this Complaint was, a limited liability company qualified to do business in California, with its principal place of business in the City of Memphis, County of Shelby, State of Tennessee. Plaintiffs originally sued MM MAIDS LLC under the

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

3
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

erroneous name MERRY MAIDS LLC. This error has been corrected in the instant Fifth Amended Complaint.

10.     PLAINTIFFS are ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as DOES 1 through 98, inclusive, and each of them, and therefore sues such defendants by such fictitious names pursuant to Code of Civil Procedure section 474. PLAINTIFFS are informed and believe, and thereon allege, that each of the Defendants sued herein, including DOES 1 through 98, inclusive, is and was negligently, tortiously, comparatively, carelessly, recklessly, willfully, knowingly, or intentionally proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFFS as alleged herein. When the true names and/or capacities of the defendants are ascertained, PLAINTIFFS will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

11.     PLAINTIFFS are informed and believe, and thereon allege that each of the Defendants named herein, including each of the DOE Defendants, was acting at all relevant times herein, as the agent, ostensible agent, joint-venturer, servant, employee, co-conspirator, and/or associate of each of the other Defendants, and was at all times acting within the course and scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other Defendants.

12.     PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, MM879, BBSI, SERVICEMASTER, MERRY MAIDS LP and MM MAIDS LLC (hereinafter collectively "DEFENDANTS") were and/or are the joint employers of PLAINTIFFS and/or the class members upon whose behalf PLAINTIFFS bring these class action claims, in that DEFENDANTS exercised sufficient control over and/or had the right to control PLAINTIFFS' wages, hours and working conditions, and/or suffered or permitted PLAINTIFFS to work, so as to be considered the joint employers of PLAINTIFFS.

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

4
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

13.     PLAINTIFFS are informed and believe, and thereon allege, that the above DEFENDANTS and/or each of their managing agents and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

14.     PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, the various acts and representations of DEFENDANTS, including each of the DOE Defendants, and each agent or representative of DEFENDANTS, were the result of, and in furtherance of, an agreement whereby the DEFENDANTS and each agent or representative of the DEFENDANTS knowingly conspired to engage in the acts described herein, including, but not limited to, DEFENDANTS' violation of the California Labor Code.

a.  PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, DEFENDANTS, including each of the DOE Defendants, and each agent or representative of DEFENDANTS, are liable for the acts of MM879, BBSI, and SERVICEMASTER alleged in this Complaint as the alter egos of said entities. Recognition of the privilege of separate existence would promote injustice because DEFENDANTS, and each of them, in bad faith dominated and controlled MM879, BBSI, and SERVICEMASTER, in perpetrating violations of the California Labor Code, among others, upon PLAINTIFFS as follows:

b.  DEFENDANTS commingled funds and other assets of MM879, BBSI, and SERVICEMASTER for their own convenience and to assist in evading payment of obligations;

c.  DEFENDANTS diverted funds and other assets of MM879, BBSI, and SERVICEMASTER to other than corporate uses;

d.  DEFENDANTS treated the assets of MM879, BBSI, and SERVICEMASTER as their own.

e.  DEFENDANTS failed to maintain minutes or adequate corporate records of MM879, BBSI, and SERVICEMASTER and otherwise ignored corporate formalities in using those entities as their alter egos;

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

f.   DEFENDANTS failed to adequately capitalize or provide any assets to MM879, BBSI, and SERVICEMASTER;

g.   DEFENDANTS used MM879, BBSI, and SERVICEMASTER as a mere shell, instrumentality, or conduit by which to avoid liability for their various violations of California law, including, but not limited to violations of the California Labor Code;

h.   DEFENDANTS diverted assets from MM879, BBSI, and SERVICEMASTER to themselves to the detriment of creditors, including PLAINTIFFS;

i.   DEFENDANTS employed and otherwise exploited the labor and services of PLAINTIFFS with the intent to avoid liability for violating California law, including, but not limited to the provisions of the California Labor Code, by use of the corporate entities of MM879, BBSI, and SERVICEMASTER as a shield against personal liability.

15.   PLAINTIFFS bring Causes of Action One through Six, Eight, and Nine on behalf of themselves and all other similarly situated current and former employees of DEFENDANTS as a class action pursuant to California Code of Civil Procedure section 382.  PLAINTIFFS seek to represent the classes and subclasses composed of and defined as follows:

**Class 1 ("BBSI Class")**

All current and former non-exempt employees of any Merry Maids franchisee that at the time of employment had a contract with BBSI under which BBSI retained the right to hire, discipline, or terminate the franchisee's employees, and who:

1.   Resided within California at any time while performing duties as Home Cleaners, Merry Maids Certified Cleaners, or Team Members (or equivalent) from April 6, 2007, through the date of certification; and,

2.   Are members of one or more Subclasses.

**Class 2 ("MM879 Class")**

All current and former non-exempt employees of MM879 who:

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

6
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

1.   Resided within California at any time while performing duties as Home Cleaners, Merry Maids Certified Cleaners, or Team Members (or equivalent), from April 6, 2007, through the date of certification; and,

2.   Are members of one or more Subclasses.

**Subclass 1 ("Minimum Wage Class")**

All members of the BBSI Class and/or MM879 Class who, from April 6, 2007, through the date of certification:

1.   Received wages based on a piece-rate or "percentage pay" compensation scheme that did not provide for separate compensation on an hourly basis of at least minimum wage for travel time between customers' houses or between the franchise office and customers' houses.

**Subclass 2 ("Overtime Subclass")**

All members of the BBSI Class and/or MM879 Class who, from April 6, 2007, through the date of certification:

1.   Received wages based on a piece-rate or "percentage pay" compensation scheme that did not provide for separate compensation on an hourly basis of at least minimum wage for travel time between customers' houses or between the franchise office and customers' houses; and,

2.   Worked more than eight hours in a workday or more than 40 hours in a workweek.

**Subclass 3 ("Rest Period Subclass")**

All members of the BBSI Class and/or MM879 Class who, from April 6, 2007, through the date of certification:

1.   Received wages based on a piece-rate or "percentage pay" compensation scheme;

/ / /

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

7
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

2.  Were not separately compensated on an hourly basis of at least minimum wage for rest periods every four hours worked or major fraction thereof; and,

3.  Worked one or more workdays in excess of three and one half (3.5) hours.

**Subclass 4 ("MM879 Meal Period Subclass")**

All members of the MM879 Class who, from April 6, 2007, through the date of certification:

1.  Worked more than five hours in a workday and were not provided an uninterrupted, thirty-minute meal period, to commence no later than the end of the fifth hour of work, and during which they were relieved of all duties; or,

2.  Worked more than ten hours in a workday without being provided a second uninterrupted, thirty-minute meal period, to commence no later than the end of the tenth hour of work, and during which they were relieved of all duties.

**Subclass 5 ("Pay Stub Subclass")**

All members of Subclasses 1, 2, 3, and/or 4 who, from April 6, 2010, through the date of certification, were provided with one or more wage statements that did not show all of the following categories of information: (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate, if the employee was paid a piece rate, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

8
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

**Subclass 6 ("Waiting Time Penalties Subclass")**

All members of Subclasses 1, 2, 3, and/or 4 who, from April 6, 2008, through the date of certification, were separated from employment at a Merry Maids franchise.

16.    These individuals shall hereinafter be referred to collectively as the "Class Members."

17.    PLAINTIFFS reserve the right under California Rules of Court Rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

18.    PLAINTIFFS were identified by BBSI and MM879 as joint employees of BBSI and MM879 at the outset of their employment with DEFENDANTS. Plaintiff BAIZ ended her employment with Defendants in or about June 2009. Plaintiff CRUZ ended her employment with Defendants in or about September 2009, Plaintiff MADRIGAL ended her employment with Defendants in or about August 2010, and Plaintiff GOODMAN ended her employment with Defendants in or about March 2013.

**B.    THE ACTION**

19.    This action is brought, in part, to remedy the following:

a. DEFENDANTS' failure to pay PLAINTIFFS and the Class Members minimum, regular, and overtime wages in accordance with California law;

b. DEFENDANTS' failure to permit PLAINTIFFS and the Class Members to take a net thirty-minute, duty-free meal period for each workday during which such employees worked more than five hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not permitted, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order;

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

c. DEFENDANTS' failure to permit PLAINTIFFS and the Class Members to take a net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free rest period was and/or is not permitted, as required by Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order;

d. DEFENDANTS' failure to issue accurate, itemized wage statements to PLAINTIFFS and the Class Members in accordance with California law;

e. DEFENDANTS' failure to pay PLAINTIFFS and the Class Members all wages due and owing upon the termination of employment with DEFENDANTS; and,

f. DEFENDANTS' engagement in unfair business practices against PLAINTIFFS and the Class Members.

**C.   VENUE**

20.   Venue is proper in the County of Fresno because, among other reasons, MERRY MAIDS is located in the City and County of Fresno, State of California and PLAINTIFFS primarily performed their work for DEFENDANTS within the City and County of Fresno. The unlawful acts alleged have a direct effect on PLAINTIFFS and other Class Members. PLAINTIFFS and the Class Members will continue to suffer the same harm as PLAINTIFFS as a result of DEFENDANTS' wrongful conduct unless the relief requested herein is granted. PLAINTIFFS are informed and believe, and thereon allege, that during the three-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against DEFENDANTS on behalf of the same or similar Class Members.

**D.   CLASS ACTION ALLEGATIONS**

21.   Causes of Action One through Six, Eight, and Nine have been brought and may properly be maintained as a class action under the provisions of section 382 of the California

Code of Civil Procedure because: a) there is a well-defined community of interest in the litigation; and b) the proposed class is easily ascertainable.

*Numerosity*

22.     The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. PLAINTIFFS are informed and believe, and thereon allege that, at all times mentioned herein, PLAINTIFFS and the Class Members are or have been affected by DEFENDANTS and DOES 1–98's unlawful practices as alleged herein.

23.     Accounting for employee turnover during the relevant period covered by this action necessarily and substantially increases the number of employees covered by this action. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS and DOES 1–98's employment records would provide information as to the actual number and location of all Class Members. Joinder of all members of the proposed class is not practicable.

*Commonality*

24.     There are questions of law and fact common to the class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a.   Whether DEFENDANTS violated the California Labor Code and Industrial Welfare Commission Wage Orders by failing to pay minimum, regular, and overtime wages to PLAINTIFFS and the Class Members;

    b.   Whether DEFENDANTS violated California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order by failing to permit PLAINTIFFS and the Class Members to take a thirty-minute, duty-free meal period for each workday during which such employees worked more than five hours, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the meal period was and/or is not permitted;

    c.   Whether DEFENDANTS violated Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order by failing to permit PLAINTIFFS and

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

11
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

the Class Members to take a net ten-minute, duty-free rest period per four hours worked or major fraction thereof or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the rest period was and/or is not permitted;

d.  Whether DEFENDANTS violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFFS and the Class Members;

e.  Whether DEFENDANTS violated California Labor Code sections 20l, 202 and 203 by failing to pay all wages due and owing at the time that any Class Member's employment with DEFENDANTS and/or DOES 1–98 ended, whether voluntarily or involuntarily;

f.  Whether DEFENDANTS violated California Business and Professions Code section 17200 *et seq.* and engaged in unlawful, unfair, and deceptive business practices by violating California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, and 2802, and Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order by failing to: (1) pay minimum, regular, and overtime wages to the Class Members; (2) permit the Class Members to take a net thirty-minute, duty-free meal period when they worked more than 5 hours in a workday and/or pay such employees additional wages as required by California law; (3) permit the Class Members to take a net ten-minute, duty-free rest period per four hours worked or major fraction thereof and/or pay such employees additional wages as required by California law; (4) issue mandated, accurate, itemized wage statements; (5) pay all owed wages at the time that any Class Member's employment with DEFENDANTS ended, whether voluntarily or involuntarily; and (6) reimburse employees for costs necessarily incurred in the course and scope of their employment with Defendants (e.g. motor vehicle and mileage expenses); and

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

g.   Whether PLAINTIFFS and the Class Members are entitled to equitable relief pursuant to California Business and Professions Code section 17200 *et seq.*

*Typicality*

25.   The claims of the named PLAINTIFFS are typical of the claims of the class. PLAINTIFFS and all members of the class sustained injuries and damages arising out of, and caused by, DEFENDANTS and DOES 1–98's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

*Adequacy of Representation*

26.   PLAINTIFFS will fairly and adequately represent and protect the interests of the members of the class. Counsel who represents PLAINTIFFS is competent and experienced in litigating wage and hour class actions and actions alleging violations of California Business and Professions Code section 17200 *et seq.*

*Superiority of Class Action*

27.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery as a result of DEFENDANTS and DOES 1–98's unlawful policies and practices alleged in this Complaint.

28.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**E.   BACKGROUND TO CLASS ALLEGATIONS**

29.   PLAINTIFFS are informed and believe, and thereon allege, that Plaintiff BAIZ was a non-exempt employee of DEFENDANTS from in or around June 2007 through June 2009, Plaintiff CRUZ was a non-exempt employee of DEFENDANTS from in or around July 2006 through September 2009, Plaintiff MADRIGAL was a non-exempt employee of DEFENDANTS

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

13
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

from in or around April 2008 through August 2010, and Plaintiff GOODMAN was a non-exempt employee of DEFENDANTS from in or around April 2011 through March 2013. All DEFENDANTS were joint employers of PLAINTIFFS.

30.    PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are and were, at all relevant times herein, engaged in the business of providing house cleaning services for private residences. DEFENDANTS assigned PLAINTIFFS and other employees to travel to customers' residences using their personal vehicles and to perform certain cleaning services as directed by DEFENDANTS.

31.    PLAINTIFFS are informed and believe, and thereon allege that, at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFFS and/or the Class Members, in that DEFENDANTS exercised sufficient control over and/or had the right to control PLAINTIFFS' wages, hours and working conditions, and/or suffered or permitted PLAINTIFFS to work, so as to be considered the joint employers of PLAINTIFFS. Specifically:

a)    DEFENDANTS created a detailed set of instructions controlling how each room of the house of DEFENDANTS' customers was to be cleaned. DEFENDANTS instructed PLAINTIFFS as to the specific tasks to be performed in customers' kitchen, bathroom, bedroom and other rooms. DEFENDANTS instructed PLAINTIFFS in the manner by which they were to clean floors. DEFENDANTS instructed PLAINTIFFS in the manner by which they were to make beds. DEFENDANTS instructed PLAINTIFFS in the manner by which they were to clean toilets. DEFENDANTS informed PLAINTIFFS that failure to perform these tasks in the manner instructed would subject PLAINTIFFS to disciplinary action, up to and possibly including termination and the forfeiture of wages for time spent cleaning;

b)    DEFENDANTS controlled the equipment and materials that PLAINTIFFS were required to use in carrying out their house cleaning duties. DEFENDANTS instructed PLAINTIFFS in which types of towels to use in which rooms of customers' houses. DEFENDANTS instructed PLAINTIFFS as to which specific types of cleaning solutions PLAINTIFFS were required to use on specific types of surfaces such as floors,

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

14
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

countertops, etc. DEFENDANTS informed PLAINTIFFS that the failure to use the prescribed equipment and materials would subject PLAINTIFFS to disciplinary action up to and possibly including termination;

c)    DEFENDANTS required PLAINTIFFS to adhere to a specific code of appearance including but not limited to, the wearing of a uniform at all times during work hours. DEFENDANTS informed PLAINTIFFS that the failure to adhere to the code of appearance would result in PLAINTIFFS being asked to clock out, thereby resulting in a loss of wages;

d)    DEFENDANTS developed a piece-rate compensation scheme whereby PLAINTIFFS were to receive a fixed percentage of the fee paid by each customer of DEFENDANTS for the house cleaning services provided by PLAINTIFFS. DEFENDANTS' compensation scheme thereby failed to compensate PLAINTIFFS at least the California minimum wage for all hours worked, including but not limited to time spent by PLAINTIFFS engaged in activities other than house cleaning, such as traveling between MM879's office and customers' homes, time spent traveling between customers' homes, and time spent meeting at MM879's offices each morning to receive their assignments, collect supplies, and perform other clerical tasks. DEFENDANTS' compensation scheme also provided that PLAINTIFFS risked the forfeiture of their percentage of the house cleaning fee if PLAINTIFFS' cleaning efforts were deemed to be substandard in any manner.

e)    DEFENDANTS knew that PLAINTIFFS were performing house cleaning services according to the specific instructions DEFENDANTS provided to PLAINTIFFS, and further knew and suffered PLAINTIFFS to perform these services under the compensation scheme described herein, resulting in PLAINTIFFS receiving less than the California minimum wage for all hours worked. DEFENDANTS knew that PLAINTIFFS were earning less than the California minimum wage because PLAINTIFFS' pay stubs revealed minimum wage violations on their face.

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

32.     PLAINTIFFS are informed and believe, and thereon allege, that at all times mentioned herein, each of the DEFENDANTS knew of their statutory obligations to pay PLAINTIFFS and all other similarly situated Class Members minimum, regular, and overtime wages according to California law, as well as reimbursement of necessarily incurred business-related expenses incurred during the course and scope of their employment with DEFENDANTS (i.e., motor vehicle and mileage expenses). PLAINTIFFS are further informed and believe, and thereon allege, that at all times mentioned herein, each of the DEFENDANTS knew of their statutory obligations to provide PLAINTIFFS and all other similarly situated Class Members a net thirty-minute, duty-free meal period during any workday during which such employees worked more than five hours and/or pay such employees additional wages, and that DEFENDANTS further knew of their statutory obligations to provide PLAINTIFFS and all other similarly situated Class Members a net ten-minute, duty-free rest period per four hours worked or major fraction thereof and/or pay such employees additional wages. However, PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS intentionally, improperly, and in violation of California law, failed to pay minimum, regular, and overtime wages, failed to provide a net thirty-minute, duty-free meal period for employees who worked more than five hours in a workday and/or pay such employees additional wages, failed to provide a net ten-minute, duty-free rest period for employees per four hours worked or major fraction thereof and/or pay such employees additional wages, and failed to reimburse PLAINTIFFS for business expenses they necessarily incurred during the course and scope of their employment with DEFENDANTS, all of which was done in blatant violation of California law. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. PLAINTIFFS are further informed and believe, and thereon allege, that at all times mentioned herein, DEFENDANTS aided and abetted the acts and omissions of each and all of the other DEFENDANTS and proximately caused the damages as alleged herein.

33.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS and DOES 1–98, through their managing agents and supervisors, knowingly and intentionally

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**

established and carried out policies that violated applicable provisions of the California Labor Code, including, but not limited to, California Labor Code sections 1194, 1194.2, 1197, and 510, in that PLAINTIFFS and other similarly situated Class Members were not paid wages according to California law for hours that they were required to work including, but not limited to, hours devoted to work in excess of eight (8) hours in one workday and forty (40) hours in one workweek.

34.     Specifically, PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS, through their managing agents and supervisors, developed a piece-rate compensation scheme whereby PLAINTIFFS were to receive a fixed percentage of the fee paid by each customer of DEFENDANTS for the house cleaning services provided by PLAINTIFFS. DEFENDANTS' compensation scheme thereby failed to compensate PLAINTIFFS at least the California minimum wage for all hours worked, including but not limited to time spent by PLAINTIFFS engaged in activities other than house cleaning, such as time spent traveling between MM879's office and customers' homes, time spent traveling between customers' homes, and time spent meeting at MM879's offices each morning to receive their assignments, collect supplies, and perform other clerical tasks.

35.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS, through their managing agents and supervisors, knowingly and intentionally established and carried out policies that violated California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order in that PLAINTIFFS and other similarly situated Class Members were not permitted to take a net thirty-minute duty-free meal period for each workday during which such employees worked more than five hours, and were not paid one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the meal period was and/or is not provided.

36.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS, through their managing agents and supervisors, knowingly and intentionally established and carried out policies that violated Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order in that PLAINTIFFS and other similarly situated Class Members were

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

17
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

not permitted to take a net ten-minute, duty-free rest period per four hours worked or major fraction thereof and were not paid one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the rest period was and/or is not provided.

37. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS, through their managing agents and supervisors, knowingly and intentionally established and carried out a policy that violated Labor Code section 2802 in that PLAINTIFFS and other similarly situated Class Members were not reimbursed according to California law for business expenses they necessarily incurred during the course and scope of their employment and for the benefit of DEFENDANTS.

38. As a result of the actions of each of the DEFENDANTS, PLAINTIFFS and other similarly situated Class Members suffered damages, including lost pay, wages, overtime, business expenses that were not reimbursed, and interest.

39. PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and other similarly situated Class Members did not secret or absent themselves from DEFENDANTS nor did they refuse to accept the earned but unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time penalties for the unpaid wages pursuant to Labor Code sections 201, 202, and 203 and section 20 of the applicable Industrial Welfare Commission Order.

## II.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE §§ 1197, 1194, & 1194.2

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

40. The allegations of paragraphs 1 through 39, inclusive, are re-alleged and incorporated herein by this reference.

41. DEFENDANTS failed to pay PLAINTIFFS and certain affected Class Members minimum wages for all hours worked, including time spent traveling for work.

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

42.     California Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and payment of less than the minimum so fixed is unlawful."

43.     The applicable minimum wage fixed by the commission for employees, such as Plaintiff and certain affected Class Members is found in section 4(A) of Industrial Welfare Commission Wage Order No. 2 or other applicable Wage Order.

44.     The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code section 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45.     As described in California Labor Code sections 1185 and 1194.2, any such action incorporates the applicable Wage Order of the Industrial Welfare Commission.

46.     California Labor Code section 1194.2 also provides for the following remedies:

> In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

47.     As such, PLAINTIFFS, individually and on behalf of certain affected Class Members, may bring this action for minimum wages and overtime, interest, costs of suit, and attorneys' fees pursuant to California Labor Code section 1194(a).

48.     Wherefore, PLAINTIFFS and the Class Members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon, pursuant to California Labor Code section 1194.2 and reasonable attorneys' fees, costs of suit, and penalties pursuant to section 1197.1.

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

19
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE § 510**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

49.    The allegations of paragraphs 1 through 48, inclusive, are re-alleged and incorporated herein by this reference.

50.    California Labor Code section 510, subsection (a) provides, in pertinent part, as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee . . . .

51.    Section 3 of Industrial Welfare Commission Wage Order Number 2 or other applicable Wage Order, which, at all times mentioned herein, governs the employment of PLAINTIFFS and the Class Members with each of the DEFENDANTS, provides, in pertinent part, as follows:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work.  Such employees shall not be employed more than eight (8) hours in any workday or more than 40 in a workweek unless the employee receives one and one half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.  Eight (8) hours of labor constitutes a day's work.  Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th)  consecutive day of work in a workweek; and (b) Double the

**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.  (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.  *See* Cal. Admin. Code tit. 8, §11010(3)(A)(1).

52.     During all times mentioned herein, DEFENDANTS required, allowed, suffered, and/or permitted PLAINTIFFS and certain affected Class Members to work in excess of eight hours in one workday and 40 hours per week without being compensated at the applicable overtime rate of pay in accordance with the provisions of California Labor Code section 510 and Section 3 of the Industrial Welfare Commission Wage Order 2 or other applicable Wage Order.

53.     PLAINTIFFS are informed and believe, and thereon allege, that they and certain affected Class Members were not paid for travel time incurred while traveling daily between work locations, at least a portion of which time was compensable to PLAINTIFFS and Class Members at one-and-one-half times of PLAINTIFFS' and the Class Members' regular rate of pay.

54.     During all relevant periods, California overtime laws applied to DEFENDANTS and provided that any work performed by an employee in excess of 40 hours per workweek or eight (8) hours per workday be compensated at one-and-one-half times the employee's regular rate of pay. DEFENDANTS did not compensate PLAINTIFFS and certain affected Class Members for all hours worked in excess of 40 hours per workweek or eight (8) hours per workday and/or did not compensate said employees at the applicable overtime rate of pay.  Thus, PLAINTIFFS and certain affected Class Members are entitled to recover their unpaid overtime compensation and penalties arising therefrom.

55.     In addition, PLAINTIFFS, on behalf of themselves and the Class Members, have incurred, and will continue to incur, attorneys' fees and costs. PLAINTIFFS, on behalf of themselves and the Class Members, are presently unaware of the precise amount of these fees and costs and pray for leave of this Court to amend the Complaint when the amounts are fully

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

known. Pursuant to California Labor Code sections 1194, PLAINTIFFS and certain affected Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

<div align="center">

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 226.7 AND 512**
**(MEAL PERIODS)**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

</div>

56.   The allegations of paragraphs 1 through 55, inclusive, are re-alleged and incorporated herein by this reference.

57.   California Labor Code section 512, subsection (a), provides, in pertinent part, as follows:

> (a) . . . An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

58.   Similarly, section 11 of Industrial Welfare Commission Wage Order 2 or other applicable Wage Order provides, in pertinent part, as follows:

> (A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

59.   California Labor Code section 226.7 provides, in pertinent part, as follows:

> (a)   No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

60.   PLAINTIFFS are informed and believe, and thereon allege, that they and certain affected members of the Class Members systematically worked periods of more than five hours

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

22

PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

in a workday without being provided a mandated thirty-minute, duty-free meal period while in the employ of DEFENDANTS. Specifically, PLAINTIFFS are informed and believe, and thereon allege, that, at all times mentioned herein, DEFENDANTS, and each of them, maintained company policies that did not provide their employees a meal period during any given workday, including workdays during which their employees worked more than five hours. PLAINTIFFS are further informed and believe, and thereon allege, that none of the DEFENDANTS paid PLAINTIFFS or any of the other affected Class Members an additional one-hour's wage for each meal period that was not provided as stated above.

61.     Accordingly, each of the DEFENDANTS violated California Labor Code sections 226.7 and 512 by failing to provide the meal period mandated by California Labor Code section 226.7 and section 11 of Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order to their employees who worked more than five hours in a workday. By their failure to provide a meal period for days on which non-exempt employees work(ed) in excess of five hours, and failing to pay one hour of additional wages in lieu of each meal period not provided, DEFENDANTS, and each of them, willfully violated California Labor Code sections 226.7 and 512 and section 11 of Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order. DEFENDANTS are liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a meal period was not lawfully provided.

62.     As a result of the unlawful acts of each of the DEFENDANTS, PLAINTIFFS and certain affected Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief requested below.

/ / /

/ / /

/ / /

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

23
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226.7 AND INDUSTRIAL WELFARE COMMISSION WAGE ORDER NO. 2
(REST PERIODS)**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

63.     The allegations of paragraphs 1 through 62, inclusive, are re-alleged and incorporated herein by this reference.

64.     Section 12 of Industrial Welfare Commission Wage Order 2 or other applicable Wage Order provides, in pertinent part, as follows:

> (A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

65.     California Labor Code section 226.7 provides, in pertinent part, as follows:

> (a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

66.     PLAINTIFFS are informed and believe, and thereon allege, that they and certain affected members of the Class Members systematically worked periods of more than three-and-one-half hours in a workday without being provided a mandated ten-minute, duty-free rest period while in the employ of DEFENDANTS. Specifically, PLAINTIFFS are informed and believe,

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

24
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

and thereon allege, that, at all times mentioned herein, DEFENDANTS, and each of them, maintained company policies that did not provide their employees a rest period during any given workday including workdays during which their employees worked more than three-and-one-half hours. PLAINTIFFS are further informed and believe, and thereon allege, that none of the DEFENDANTS paid PLAINTIFFS or any of the other affected Class Members an additional one-hour's wage for each rest period that was not provided as stated above.

67.     Accordingly, each of the DEFENDANTS violated California Labor Code section 226 and section 12 of Industrial Welfare Commission Wage Order 2 and/or any other applicable Wage Order with respect to their employees who worked more than three-and-one-half hours in a workday. By their failure to provide a rest period for days on which non-exempt employees work(ed) in excess of three-and-one-half hours and failure to pay one hour of additional wages in lieu of each rest period not provided, DEFENDANTS, and each of them, willfully violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 2 or other applicable Wage Order. DEFENDANTS are liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday on which a rest period was not lawfully provided.

68.     As a result of the unlawful acts of each of the DEFENDANTS, PLAINTIFFS and certain affected Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, in addition to any other relief requested below.

**FIFTH CAUSE OF ACTION**

**FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

69.     The allegations of paragraphs 1 through 68, inclusive, are re-alleged and incorporated herein by this reference.

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

25
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

70.     DEFENDANTS are required to maintain accurate records of, among other things, wages earned at each hourly rate and the accurate number of total hours worked by PLAINTIFFS and certain affected Class Members.

71.     DEFENDANTS were required to furnish such records to PLAINTIFFS and certain affected Class Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck as required by the California Labor Code, Industrial Welfare Commission Order, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

72.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANTS knowingly and intentionally failed to accurately maintain and furnish records of the wages earned by PLAINTIFFS and certain affected Class Members.

73.     As a direct and proximate result of DEFENDANTS' failure to issue accurate, itemized wages statements to PLAINTIFFS and certain affect Class Members, PLAINTIFFS and certain affected Class Members suffered damage.

74.     PLAINTIFFS and certain affected Class Members are, therefore, entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by Labor Code section 226, in addition to the relief requested below.

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201, 202, & 203**

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

75.     The allegations of paragraphs 1 through 74, inclusive, are re-alleged and incorporated herein by this reference.

76.     California Labor Code section 201 provides, in pertinent part:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ." *See* Cal. Lab. Code § 201.

77.     California Labor Code section 202 provides, in pertinent part, as follows:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

26
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

78.     California Labor Code section 203 provides, in pertinent part, as follows:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

79.     PLAINTIFFS are no longer employed by DEFENDANTS. Despite said termination of employment, PLAINTIFFS did not receive compensation for minimum, regular, and overtime wages owed pursuant to California Labor Code sections 201 and 202. PLAINTIFFS are informed and believe, and thereon allege, that this failure by DEFENDANTS to pay was willful and intentional.

80.     PLAINTIFFS are informed and believe, and on that basis allege, that certain affected Class Members were terminated or have voluntarily left DEFENDANTS' employ, and PLAINTIFFS are informed and believe, and on that basis allege, that they have not received compensation for their minimum, regular, and overtime wages owed in accordance with the provisions of California Labor Code sections 201, 202, and 203. PLAINTIFFS are informed and believe, and on that basis allege, that this failure by DEFENDANTS to pay was willful and intentional.

/ / /

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

27
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

81.     In addition, PLAINTIFFS are informed and believe, and on that basis allege, that since PLAINTIFFS and certain affected Class Members' termination from employment with DEFENDANTS, each of them has continually, willfully, and intentionally failed to pay the minimum, regular, and overtime compensation that is due and owing, thereby entitling PLAINTIFFS and certain affected Class Members to waiting time penalties for the unpaid wages owed pursuant to California Labor Code sections 201, 202, and 203.

82.     PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS and certain affected Class Members did not secret or absent themselves from DEFENDANTS nor did they refuse to accept the earned and unpaid wages from DEFENDANTS. Accordingly, DEFENDANTS are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

83.     In addition, PLAINTIFFS, on behalf of themselves and the Class Members, have incurred, and will continue to incur, legal expenses, including attorneys' fees and costs. PLAINTIFFS, on behalf of themselves and the Class Members, are presently unaware of the precise amount of these fees and expenses and pray leave of this Court to amend the Complaint when the amounts are fully known. PLAINTIFFS and certain affected Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES IN VIOLATION OF LABOR CODE § 2802**

**(PLAINTIFFS, Individually, Against DEFENDANTS and DOES 1 through 98)**

84.     The allegations contained in paragraphs 1 through 39, inclusive, are re-alleged and incorporated herein by this reference.

85.     California Labor Code section 2802 provides, in pertinent part:

a. An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer...

b. All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**

as judgments in civil actions.  Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

c. For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

86.    Specifically, PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANTS failed to reimburse PLAINTIFFS for necessarily incurred motor vehicle and mileage expenses they incurred during the course and scope of their employment with DEFENDANTS.

87.    PLAINTIFFS are, therefore, entitled to the unreimbursed business expenses, along with interest on those expenses and attorneys' fees, as required by Labor Code section 2802 in addition to the relief requested below.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF UNFAIR COMPETITION LAW
### (BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.)

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

88.    The allegations of paragraphs 1 through 87, inclusive, are re-alleged and incorporated herein by this reference.

89.    DEFENDANTS, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing, and utilizing the employment policy of failing to pay PLAINTIFFS and certain affected Class Members employment compensation as required by the California law cited herein above and by violating applicable provisions of the California Labor Code, including, but not limited to, California Labor Code sections 226.7, 510, 512, 201, 202, 203, 1194, 1194.2 and 1197 and certain provisions of the Industrial Welfare Commission Wage Order 2 or any other applicable Wage Order, as alleged herein. DEFENDANTS' utilization of such illegal and unfair business practices constitutes unfair competition and provides DEFENDANTS with an unfair advantage over DEFENDANTS' competitors.

/ / /

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

29
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

90.     PLAINTIFFS seek on their own behalf, on behalf of those similarly situated, and on behalf of the general public full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by the DEFENDANTS by means of the unfair and unlawful practices complained of herein. The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

91.     PLAINTIFFS are informed and believe, and on that basis allege, that at all times herein mentioned DEFENDANTS, and each of them, have engaged in unlawful and unfair business practices as proscribed by California Business and Professions Code section 17200 *et seq.* by depriving PLAINTIFFS and certain affected Class Members of the minimum working conditions and standards due to them under the California Labor Code and Industrial Welfare Commission Wage Orders as identified herein.

92.     California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFFS and certain affected Class Members to a restitution remedy authorized by California Business and Professions Code section 17203. PLAINTIFFS and certain affected Class Members and the general public are, therefore, entitled to the relief requested below.

93.     In addition, PLAINTIFFS have incurred, on behalf of themselves, and on behalf of the Class Members, and will continue to incur, legal expenses and attorneys' fees. PLAINTIFFS, on behalf of themselves, and on behalf of the Class Members, are presently unaware of the precise amount of these fees and expenses and pray for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 1194 and 2802 and California Code of Civil Procedure section 1021.5, PLAINTIFFS

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

30
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

and certain affected Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## NINTH CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF

**(PLAINTIFFS, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 98)**

94.    The allegations of paragraphs 1 through 93, inclusive, are re-alleged and incorporated herein by this reference.

95.    At all relevant times, DEFENDANTS were subject to the provisions of the California Labor Codes and California Business and Professions Codes mentioned herein.

96.    An actual controversy has arisen and now exists between the parties relating to the legal rights and duties of the parties as set forth above, for which PLAINTIFFS desire a declaration of rights and other relief available, including but not limited to provisional and/or permanent injunctive relief against DEFENDANTS and on behalf of the PLAINTIFFS.

97.    Declaratory and injunctive relief is necessary in that PLAINTIFFS contend that DEFENDANTS have committed the violations of the California Labor Codes and California Business and Professions Code set forth above and DEFENDANTS, on information and belief, will deny that they have done so and/or that they will continue to do so.  PLAINTIFFS are therefore entitled to a declaratory and injunctive relief to prevent DEFENDANTS from committing continued violations of the law as to PLAINTIFFS and the putative Class Members. If not enjoined from committing such violations, DEFENDANTS will continue to violate the rights of PLAINTIFFS and the Class Members under the code sections cited herein, and PLAINTIFFS and the Class Members will suffer irreparable injury in the form of, among other things, lost wages.  Such injunctions are available to PLAINTIFFS under California Labor Code section 1194.5.

98.    PLAINTIFFS do not have a plain or adequate remedy in the ordinary course of the law.

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

**TENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PAY MINIMUM WAGES**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

99.     The allegations of paragraphs 1 through 98, inclusive, are re-alleged and incorporated herein by this reference.

100.    At all relevant times, DEFENDANTS were subject to the provisions of the California Labor Codes mentioned herein.

101.    Cal. Labor Code section 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

102.    Cal. Labor Code section 2699.3(a) states:

> A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.  2(A) The agency shall notify the employer and the aggrieved employee or the representative by certified mails that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1).  Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

103.    PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Lab. Code section 2699.3 in that Plaintiffs CRUZ, MADRIGAL, and BAIZ gave written notice of their claims under Cal. Labor Code section 2699 *et seq*. to the California Labor and Workforce Development Agency on or about May 9, 2011, and the California Labor and Workforce Development Agency failed to respond to Plaintiffs CRUZ, MADRIGAL, and BAIZ's notice.

Plaintiff GOODMAN gave written notice of her claims under Cal. Labor Code section 2699 *et seq*. to the California Labor and Workforce Development Agency on or about November 29, 2012. The California Labor and Workforce Development Agency notified Plaintiff GOODMAN on or about December 21, 2012, that it did not intend to investigate Plaintiff GOODMAN's allegations.

104.    By amending this complaint PLAINTIFFS are adding a claim to recover penalties for themselves and other current or former aggrieved employees of DEFENDANTS under Cal. Labor Code section 2699(f), pursuant to Cal. Labor Code section 2699.3.

105.    PLAINTIFFS are entitled to recover these penalties for themselves and other current or former aggrieved employees through a civil action filed on their own behalf.  These penalties are in addition to all other remedies permitted by law.

106.    DEFENDANTS set the policies for, established, controlled, consented to, approved and/or ratified the non-payment of the wages due to PLAINTIFF and other current and former aggrieved employees in violation of the Cal. Labor Code and the applicable Wage Order.

107.    As alleged more fully in PLAINTIFFS' First Cause of Action, incorporated herein by reference, DEFENDANTS failed to comply with Cal. Lab. Code sections 221 through 223, 1194, and 1197 by failing to pay PLAINTIFFS the California minimum wage due PLAINTIFFS for each hour worked. PLAINTIFFS are therefore entitled to the penalties set forth in the Cal. Labor Code, including but not limited to the penalties set forth in Cal. Labor Code sections 210, 225.5, 558, and 1197.1, on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Lab. Code sections 204b, 216, 221 through 223, 1194, and 1197, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

108.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

33
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

**ELEVENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR UNPAID WAGES**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

109.   The allegations of paragraphs 1 through 108, inclusive, are re-alleged and incorporated herein by this reference.

110.   As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

111.   Cal. Labor Code section 204(b)(1) states,

"Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period."

112.   As alleged more fully in PLAINTIFFS' First and Second Causes of Action, incorporated herein by reference, DEFENDANTS failed to comply with Cal. Labor Code section 204(b)(1) and any applicable Wage Order by, among other things, failing to pay PLAINTIFFS and the Class Members for all hours worked, including time spent traveling between work locations. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code section 210 on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every failure to pay employees in accordance with Cal. Labor Code section 204(b)(1) and any applicable Wage Order, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

113.   In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

34
**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**

**TWELFTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PAY OVERTIME**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

114.    The allegations of paragraphs 1 through 113, inclusive, are re-alleged and incorporated herein by this reference.

115.    As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

116.    As alleged more fully in PLAINTIFFS' Second Cause of Action, incorporated herein by reference, DEFENDANTS failed to comply with Cal. Labor Code section 512 and any applicable Wage Order by, among other things, failing to pay PLAINTIFFS and    the    Class Members for all hours worked, including time spent traveling between work locations. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code section 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code section 512 and any applicable Wage Order, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

117.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

**THIRTEENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PROVIDE ALL MANDATED MEAL PERIODS OR ADDITIONAL WAGES IN LIEU THEREOF**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

118.    The allegations of paragraphs 1 through 117, inclusive, are re-alleged and incorporated herein by this reference.

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

35
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

119.    As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

120.    As alleged more fully in PLAINTIFFS' Third Cause of Action, incorporated herein by reference, DEFENDANTS violated Cal. Labor Code sections 226.7 and 512 by failing to provide meal periods to which PLAINTIFFS and other aggrieved employees were entitled under California law.   PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code sections 210, 225.5, 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code sections 226.7 and 512, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

121.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

## FOURTEENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR FAILURE TO PROVIDE ALL MANDATED REST PERIODS OR ADDITIONAL WAGES IN LIEU THEREOF

### (PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)

122.    The allegations of paragraphs 1 through 121, inclusive, are re-alleged and incorporated herein by this reference.

123.    As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

124.    As alleged more fully in PLAINTIFFS' Fourth Cause of Action, incorporated herein by reference, DEFENDANTS failed to comply with Cal. Labor Code section 226.7 and any applicable Wage Order by failing to provide PLAINTIFFS and other aggrieved employees with all rest periods to which PLAINTIFFS and other aggrieved employees were entitled under

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

36

PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code sections 210, 225.5, and 558 on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code section 226.7 and any applicable Wage Order, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

125.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

**FIFTEENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO PROVIDE WAGE STATEMENTS IN COMPLIANCE WITH LABOR CODE § 226**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

126.    The allegations of paragraphs 1 through 125, inclusive, are re-alleged and incorporated herein by this reference.

127.    As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

128.    As alleged more fully in PLAINTIFFS' Fifth Cause of Action, incorporated herein by reference, DEFENDANTS failed to comply with Cal. Lab. Code sections 221, 224, 226 and 1174 by failing to provide PLAINTIFFS and other aggrieved employees with itemized wage statements to which PLAINTIFFS and other aggrieved employees were entitled under California law. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code section 226.3 on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code sections 221, 224, or 226, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**

1   there is no established civil penalty for violation of the foregoing provisions of the California

2   Labor Code.

3        129.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs

4   pursuant to Cal. Lab. Code section 2699(g)(1), which states, "Any employee who prevails in any

5   action shall be entitled to an award of reasonable attorneys' fees and costs."

<center>**SIXTEENTH CAUSE OF ACTION**</center>

6

7   <center>**CIVIL PENALTIES FOR FAILURE TO MAINTAIN COMPLETE AND ACCURATE
RECORDS IN COMPLIANCE WITH LABOR CODE § 1174**</center>

8

9   <center>**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees,
Against DEFENDANTS and DOES 1 through 98)**</center>

10

11        130.    The allegations of paragraphs 1 through 129, inclusive, are re-alleged and

12   incorporated herein by this reference.

13        131.    As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have

14   exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

15        132.    As alleged more fully in PLAINTIFFS' Fifth Cause of Action, incorporated

16   herein by reference, DEFENDANTS failed to comply with Cal. Lab. Code sections 221, 224,

17   226 and 1174 by failing to provide PLAINTIFFS and other aggrieved employees with itemized

18   wage statements to which PLAINTIFFS and other aggrieved employees were entitled under

19   California law. DEFENDANTS' failure to provide accurate wage statements also resulted in

20   their failure to maintain complete and accurate payroll records in accordance with Cal. Labor

21   Code section 1174. PLAINTIFFS are therefore entitled to the penalties set forth in the California

22   Labor Code, including but not limited to the penalties set forth in Cal. Labor Code section

23   1174.5 on behalf of themselves and other current and former aggrieved employees of

24   DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code

25   section 1174, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined

26   that there is no established civil penalty for violation of the foregoing provisions of the

27   California Labor Code.

28   / / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

38
PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

133.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

**SEVENTEENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF LABOR CODE §§ 201, 202, & 203**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

134.    The allegations of paragraphs 1 through 133, inclusive, are re-alleged and incorporated herein by this reference.

135.    As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

136.    As alleged more fully in PLAINTIFFS' Sixth Cause of Action, incorporated herein by reference, DEFENDANTS failed to comply with Cal. Labor Code sections 201, 202, 203, and 204 by failing to timely pay PLAINTIFFS and other aggrieved employees those wages to which PLAINTIFFS and other aggrieved employees were entitled. PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code section 210 and 256 on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code sections 201, 202, 203, and 204, or to those penalties set forth in Cal. Labor Code section 2699(f) if it is determined that there is no established civil penalty for violation of the foregoing provisions of the California Labor Code.

137.    In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

/ / /

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**

**EIGHTEENTH CAUSE OF ACTION**

**CIVIL PENALTIES FOR FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES IN VIOLATION OF LABOR CODE § 2802**

**(PLAINTIFFS, Individually and on Behalf of All Similarly Situated Aggrieved Employees, Against DEFENDANTS and DOES 1 through 98)**

138.   The allegations of paragraphs 1 through 137, inclusive, are re-alleged and incorporated herein by this reference.

139.   As alleged more fully in paragraphs 103 through 105, PLAINTIFFS have exhausted their administrative remedies pursuant to Cal. Labor Code section 2699.3.

140.   As alleged more fully in PLAINTIFFS' Seventh Cause of Action, incorporated herein by reference, DEFENDANTS violated Cal. Labor Code section 2802 by failing to reimburse PLAINTIFFS and other current and former aggrieved employees for necessarily incurred motor vehicle and mileage expenses they incurred during the course and scope of their employment with DEFENDANTS.  PLAINTIFFS are therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal. Labor Code section 2699(f) on behalf of themselves and other current and former aggrieved employees of DEFENDANTS, for each and every pay period that DEFENDANTS violated Cal. Labor Code section 2802.

141.   In addition, PLAINTIFFS seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code section 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

**PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFFS and the Class Members pray as follows:

1.   That the Court determine that Causes of Action One through Six, Eight, and Nine may be maintained as a Class Action;

2.   For the attorneys appearing in the above caption to be named as Class Counsel;

/ / /

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

3.    For restitutionary and compensatory damages in an amount according to proof and with interest thereon, including, but not limited to, unpaid minimum, regular, and overtime wages;

4.    For economic and/or special damages in an amount according to proof and with interest thereon;

5.    That DEFENDANTS be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200 *et seq*.;

6.    That DEFENDANTS be ordered and enjoined to make restitution to PLAINTIFFS and the Class Members due to their unfair competition, including disgorgement of their wrongfully obtained revenues, earnings, profits, compensation, and benefits pursuant to California Business and Professions Code sections 17203 and 17204;

7.    That DEFENDANTS be ordered and enjoined to pay all applicable penalties to PLAINTIFFS and the Class Members due to their unfair competition pursuant to California Business and Professions Code section 17202;

8.    That DEFENDANTS be enjoined from continuing the unlawful course of conduct alleged herein;

9.    That DEFENDANTS further be enjoined to cease and desist from unfair competition in violation of the California Business and Professions Code section 17200 *et seq*.;

10.    That DEFENDANTS be enjoined from further acts of restraint of trade or unfair competition;

11.    For payment of penalties for non-payment of wages to PLAINTIFFS and the Class Members in accordance with Cal. Labor Code sections 201, 202, and 203 and/or California Business and Professions Code section 17202;

12.    For penalties pursuant to Labor Code section 2699 on behalf of themselves and other aggrieved employees of DEFENDANTS;

/ / /

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA  93704

PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES

1    13.    For interest, attorneys' fees, and cost of suit under California Labor Code sections
2            218.6, 226, 1194, 2699, and 2802 and California Code of Civil Procedure section
3            1021.5;

4    14.    That DEFENDANTS be ordered to show cause why they should not be enjoined
5            and ordered to comply with the applicable California Labor Code sections and
6            Industrial Welfare Commission Wage Orders related to payment of wages;

7    15.    For such other and further relief as the Court deems just and proper.

8         WHEREFORE, the PLAINTIFFS on their own behalf pray for reimbursement for
9    expenses relating to the discharge of their employment duties.

10                              **DEMAND FOR JURY TRIAL**

11        PLAINTIFFS, on behalf of themselves and all similarly situated Class Members, hereby
12   demand trial by jury of Causes of Action One through Six, and Eight to the extent authorized by
13   law.

14        PLAINTIFFS, on behalf of themselves and all other current and former aggrieved
15   employees, hereby demand trial by jury of Causes of Action Ten through Eighteen to the extent
16   authorized by law.

17        PLAINTIFFS, on their own behalf, hereby demand trial by jury of Cause of Action Seven
18   to the extent authorized by law.

19
20   Dated: March 18, 2016                  SUTTON HAGUE LAW CORPORATION, P.C.
                                            A California Professional Corporation
21
22
23                                          By:_____
24                                              S. BRETT SUTTON
                                                Attorney for Plaintiffs
25                                              ANGELA CRUZ, MARIA MADRIGAL,
                                                LOURDES BAIZ, and CHRISTIE
26                                              GOODMAN
27
28

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

**PLAINTIFFS' FIFTH AMENDED COMPLAINT FOR DAMAGES**