UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CRUZ, MARIA MADRIGAL, LOURDES BAIZ, and CHRISTIE GOODMAN, individually, residing in California,<br><br>Plaintiffs,<br><br>v.<br><br>MM 879, INC., a corporation; BARRETT BUSINESS SERVICES, INC., a corporation; THE SERVICEMASTER COMPANY, LLC, a limited liability company; MERRY MAIDS LP, a limited partnership; and MM MAIDS LLC, a limited liability company.<br><br>Defendants. | No. 1:15-cv-01563-TLN-EPG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DENYING PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER** |

This matter is before the Court on Plaintiffs Angela Cruz, Maria Madrigal, Lourdes Baiz, and Christie Goodman's (collectively "Plaintiffs") Motion for Class Certification. (ECF No. 99.) Defendants MM 879, Inc., Barrett Business Services, Inc., The Servicemaster Company, LLC, Merry Maids, LP, and MM Maids, LLC (collectively "Defendants"), oppose Plaintiffs' motion. (ECF Nos. 118, 131, 134.) Plaintiffs have replied. (ECF Nos. 137, 138, 139.) For the reasons set forth below, the Court GRANTS Plaintiffs' motion, (ECF No. 99), and denies Plaintiffs' Motion to Modify the Scheduling Order pending resolution of the class certification issue. (ECF No.

1

154.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs contend they were formerly employed as home cleaners by Defendant MM 879, Inc. ("MM 879"), a California Merry Maids franchisee that operates franchise locations in Lodi and Fresno. (Pls.' Mot. for Certify Class, ECF No. 100 at 10.) Plaintiffs allege MM 879 employed Plaintiffs Angela Cruz, Maria Madrigal, and Lourdes Baiz as home cleaners at its Fresno location at various times between July 2006 and August 2010. (Pls.' Fifth Am. Compl., ECF No. 94 ¶ 29.) Plaintiffs allege MM 879 employed Plaintiff Christie Goodman as a home cleaner at its Lodi location from April 2011 to March 2013. (ECF No. 94 ¶ 29.) Plaintiffs allege they were jointly employed in the same capacity by Defendants The ServiceMaster Company, LLC ("Servicemaster"), Merry Maids, LP ("Merry Maids"), MM Maids, LLC ("MM Maids"), and Barrett Business Services, Inc. ("BBSI"). (ECF No. 100 at 7.)

Plaintiffs allege several of Defendants' wage and hour policies violated California law. (ECF No. 100 at 7.) Plaintiffs allege Defendants used a "percentage pay" scheme which compensated employees on the basis of houses cleaned and failed to provide separate hourly compensation for rest periods and nonproductive time. (ECF No. 100 at 7.) Plaintiffs also allege Defendants used an illegal averaging method to determine whether employees received minimum wage. (ECF No. 100 at 8–9.) Moreover, Plaintiffs allege their wage statements did not properly itemize percentage pay as piece rate compensation. (ECF No. 100 at 9.) Plaintiffs further allege Defendants' meal period policy incorrectly instructed employees to take their meal periods in the middle of the workday, as opposed to no later than after their fifth hour of work. (ECF No. 100 at 9.) Plaintiffs filed a class action suit against Defendants, claiming failure to pay minimum wages for all hours worked, failure to pay overtime, failure to authorize and permit rest periods, failure to provide compliant meal periods, failure to issue accurate wage statements, failure to timely pay wages due at termination, and violations of the California Private Attorney's General Act (Labor Code § 2698 *et seq.*). (ECF No. 94 at 1.)

Plaintiffs seek to certify two classes and six subclasses pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). (Pls.' Notice of Mot. to Certify Class, ECF No. 99 at 2–4.) Plaintiffs'

putative "Class 1," labeled the "MM 879 Class," includes "[a]ll current and former non-exempt employees of MM 879 who: resided within California at any time while performing duties as Home Cleaners, Merry Maids Certified Cleaners, or Team Members (or equivalent), from April 6, 2007, through the date of certification; and, are members of one or more Subclasses." (ECF No. 99 at 2.) The proposed subclasses under Class 1 are the (1) Minimum Wage Subclass, (2) Overtime Subclass, (3) Rest Period Subclass, (4) MM 879 Meal Period Subclass, (5) Pay Stub Subclass, and (6) Waiting Time Penalties Subclass. (ECF No. 99 at 2–3.) Plaintiffs' putative "Class 2," labeled the "PAGA Class," includes "[a]ll members of any of the Subclasses of the MM 879 Class." (ECF No. 99 at 4.) Defendants filed three separate oppositions, (ECF Nos. 118, 131, 134), to which Plaintiffs replied, (ECF Nos. 137, 138, 139).

## II. STANDARD OF LAW

Class certification is governed by Federal Rule of Civil Procedure 23 ("Rule 23"). "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of [Rule] 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011) (citing *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001)).

Under Rule 23(a), the party seeking certification must establish:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "These requirements effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *Gen. Tel. Co. of the Nw. v. Equal Employ. Opp. Comm'n*, 446 U.S. 318, 330, 100 S. Ct. 1698, 1706 (1980)).

Plaintiffs rely on Rule 23(b)(3) of the Rule 23(b) requirements. (ECF No. 100 at 10.) Under Federal Rule of Civil Procedure 23(b)(3):

> [a] class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual

3

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**III. ANALYSIS**

Plaintiffs assert that all the requirements of Rule 23 are satisfied for the putative class. (ECF No. 100 at 10.) Defendants respond that Plaintiffs have not met their burden for class certification as to several Rule 23 requirements. (Defs.' Opp'n to Pls.' Mot. to Certify Class, ECF Nos. 118, 131, 134.) The Court will address each of the Rule 23 requirements in turn.

1. Rule 23(a)

Rule 23(a) provides four prerequisites that must be met before a class may be certified. Fed. R. Civ. P. 23(a). Those prerequisites are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

a. *Numerosity*

The first Rule 23(a) prerequisite is numerosity. Fed. R. Civ. P. 23(a)(1). The class must be "so numerous that joinder of all members is impracticable." *Id.* The numerosity requirement does not impose a precise numerical threshold. *Gen. Tel. Co. of the Nw. v. Equal Employ. Opp. Comm'n*, 446 U.S. 318, 330 (1980). Here, Plaintiffs allege there are approximately 181 putative class members. (ECF No. 100 at 18.) Notably, the parties do not dispute numerosity. Accordingly, the Court finds that the proposed class size satisfies the numerosity requirement. *E.E.O.C. v. Kovacevick "5" Farms*, No. 06-165, 2007 WL 1174444, at *21 (E.D. Cal. Apr. 19, 2007) ("Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members."); *see also Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D 468, 474 (E.D. Cal. March 5, 2010) (citing cases finding classes with fewer than 100 putative members have satisfied numerosity).

b. *Commonality*

The second Rule 23(a) prerequisite is commonality. Fed. R. Civ. P. 23(a)(2). There must be "questions of law or fact that are common to the class." *Id.* Commonality exists when class members' claims depend upon a common contention that is "capable of classwide resolution—

4

which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Further, the "rigorous analysis" under Rule 23(a) "sometimes [requires] the court to probe behind the pleadings before coming to rest on the certification question." *Id*. at 350–51 (quotations omitted). "[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class," and "a district court *must* consider the merits" if they overlap with Rule 23(a)'s requirements. *Ellis,* 657 F.3d at 981. As such, a court must resolve any factual disputes "to determine whether there was a common pattern and practice that could affect the class *as a whole.*" *Id.* at 983 (emphasis original); *see also Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013).

Plaintiffs bear the burden of demonstrating that Rule 23(a) requirements have been met. *Ellis*, 657 F.3d at 979–80. To show commonality, Plaintiffs point to several contentions present in all the proposed classes, including the legality of Defendants' percentage pay compensation scheme and meal period policy. (ECF. No. 100 at 21.) Plaintiffs provide deposition testimony, employment records, employee handbooks, and anecdotal evidence from Plaintiffs to support the existence of these class-wide policies. (ECF No. 100 at 7–8, 12–13.)

MM 879's CFO Jeffrey Skadburg provided a deposition in which he confirmed that home cleaners were compensated by receiving "a percentage of the fee of the home." (Hague Decl., ECF No. 105, Ex. 1, Skadburg Depo. #1 at 58:2–6.) Skadburg testified that home cleaners were only paid hourly for certain activities, which did not include drive time between houses and rest periods. (ECF No. 105, Ex. 1, Skadburg Depo. #1 at 65:12–16, 71:25–75:11, 79:6–18.) Skadburg further testified that he used an averaging method to ensure home cleaners received minimum wage. (ECF No. 105, Ex. 1, Skadburg Depo. #1 at 75:12–76:10.) Plaintiffs also provide employee records to show that Plaintiffs' wage statements did not indicate piece-rate compensation as required by law. (ECF No. 105, Ex. 2.) As to the meal period claim, Plaintiffs provide the employee handbooks for MM 879's Fresno and Lodi locations, which set forth the meal period policy at issue. (ECF No. 105, Ex. 9 at 20, Ex. 11 at 33.) Accordingly, the Court

5

finds Plaintiffs' evidence supports the existence of a class-wide compensation scheme and meal period policy.

Rather than challenge the existence of a common compensation scheme and meal period policy, Defendants make various substantive arguments as to the merits of the case. For example, Defendant MM 879 argues that there was no injury to Plaintiffs because its percentage pay system was not a piece-rate compensation scheme and its employees received at least minimum wage. (ECF No. 131 at 10–11.) Similarly, Defendants Servicemaster, Merry Maids, and MM Maids argue that the averaging method used by MM 879's CFO was not unlawful because it ensured that employees received minimum wage. (ECF No. 134 at 18.) Defendants also challenge the merits of Plaintiffs' meal period claim. (ECF No. 131 at 11; *see also* ECF No. 134 at 20 (stating that the policy provided compliant meal periods ").) Finally, Defendants other than MM 879 contend they cannot be held liable because they did not implement the MM 879 policies at issue and they were not Plaintiffs' joint employers. (ECF No. 134 at 25; ECF No. 118 at 14.)

At the class certification stage, however, substantive arguments are only relevant insofar as they correspond to the Rule 23 factors. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (finding that consideration of the substance of a case may be required to ascertain satisfaction of Rule 23, but the court may not "judge the validity of these claims"). The Court's role at this stage is not to determine Defendants' liability, but rather, to determine whether there is a policy that may provide an eventual class-wide finding. *Marlo v. United Parcel Service*, 639 F.3d 942, 949 (9th Cir. 2011). Thus, arguments regarding the legality of Defendants' policies and extent to which each Defendant is liable are irrelevant to the instant motion. *See Rosales v. El Rancho Farms*, No. 1:09-cv-00707-AWI-JLT, 2011 WL 6153276, at *20 (E.D. Cal. Dec. 12, 2011) ("[A]n issue of liability . . . should not be the sole reason for denying [a] motion for class certification, because 'it is improper to advance a decision on the merits to the class certification stage.'") (quoting *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir. 1983)). Defendants' arguments do not affect the Court's commonality analysis because those arguments

6

challenge the merits of the case rather than the existence of a common compensation scheme and meal period policy.

Defendants also argue that the proposed claims will require individualized inquiries, which defeats commonality. (ECF No. 118 at 21; ECF No. 134 at 22.) It is true that "[d]issimilarities within the proposed class are what have the potential to impede the generation of common answers." *Dukes*, 564 U.S. at 350. However, Defendants do not provide any evidence that the compensation scheme and meal period policy applied differently among proposed class members.

Plaintiffs have demonstrated the existence of a common compensation scheme and meal break policy that allegedly harmed the entire class of MM 879 employees, and that showing is sufficient. *See*, *e.g.*, *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 604 (E.D. Cal. Oct. 8, 2015) ("In the wage and hour context, the inquiry is whether the entire class was injured by the same allegedly unlawful wage and hour practice."); *Burnell v. Swift Transportation Co of Arizona, LLC*, No. ED-CV-10809-VAP-SPX, 2016 WL 2621616, at *2 (C.D. Cal. May 4, 2016) (stating that plaintiffs must show significant proof the employer "had a general policy of not paying minimum wage to its drivers"); *Kurihara v. Best Buy Co., Inc.*, No. 06-01884, 2007 WL 2501698, at *10 (N.D. Cal. Aug. 30, 2007) (finding plaintiff's evidence of the existence of a company-wide policy and reasonable inferences that could be drawn from the policy constituted sufficient evidence to satisfy commonality even though plaintiff "submitted little or no evidence as to the implementation of [the] policy"). A future determination as to the legality of those common policies will resolve class-wide claims "in one stroke." *Dukes*, 564 U.S. at 350. Accordingly, the Court finds Plaintiffs have satisfied Rule 23(a)'s commonality requirement.

     c. *Typicality*

The third Rule 23(a) prerequisite is typicality. Fed. R. Civ. P. 23(a)(3). The representative plaintiff's claims must be "typical of the claims . . . of the class." *Id.* The purpose of the typicality requirement is to ensure that the representative plaintiff and the class members' interests are aligned. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir.

2010). "Under [Rule 23(a)'s] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin*, 617 F.3d at 1175 (citation omitted).

Plaintiffs contend that typicality is satisfied because Plaintiffs allege the same wage and hour violations as the rest of the class. (ECF No. 100 at 22.) Defendants mention generally that Plaintiffs' claims are not typical, but none of the Defendants articulate a clear argument to support that contention. (ECF No. 131 at 9; ECF No. 134 at 22.) As with the commonality requirement, Defendants also fail to provide any evidence that contradicts Plaintiffs' assertion that Defendants' compensation scheme and meal break policy applied consistently across the entire class. Absent evidence of inconsistencies between class members, there is no indication Plaintiffs' claims are unique in any way. *Hanlon*, 150 F.3d at 1020; *Kurihara*, 2007 WL 2501698, at *7 ("For the purposes of the typicality requirement, it is sufficient that plaintiff . . . has asserted that all Best Buy employees are subject to the challenged practice and procedure."). Thus, the Court finds that Plaintiffs have satisfied Rule 23(a)'s typicality requirement.

d. *Adequate Representatives*

The final Rule 23(a) prerequisite is adequacy of representation. Fed. R. Civ. P. 23(a)(4). "[T]he representative parties [must] fairly and adequately protect the interests of the class." *Id.* In determining whether that requirement is met, the Court asks two questions: (1) do the representative plaintiff and his counsel have any conflicts of interest with other class members and (2) will the representative plaintiff and his counsel prosecute the action vigorously on behalf of the class? *Staton*, 327 F.3d at 957 (citing *Hanlon*, 150 F.3d at 1020).

Defendant MM 879 argues that Plaintiffs are inadequate class representatives because they have taken a "long, meandering approach to litigation," citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010), *East River Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395,

405 (1977), and *Rattray v. Woodbury Cnty.*, 614 F.3d 831, 836 (8th Cir. 2010) to support the contention that substantial delay in filing a motion for class certification negates Rule 23(a)'s adequacy requirement. (ECF No. 131 at 13.) However, the cases cited by MM 879 are distinguishable from the instant case. First, *Hesse* does not address MM 879's contention that plaintiffs must promptly move for certification. In *Hesse*, the Ninth Circuit concluded that a plaintiff for one class was an inadequate representative for a second class not because of any delay in filing a motion for class certification, but because the plaintiff did not possess the same type of claim and had an "insurmountable conflict of interest" with members of the second class. *Hesse*, 598 F.3d at 588–89. In *East River Motor Freight System, Inc*, the Supreme Court found plaintiffs to be inadequate class representatives only in part because plaintiffs completely failed to move for class certification prior to trial, but also in part because of a conflict of interest and a lack of class membership. *East River Motor Freight System, Inc*, 431 U.S. at 404–05. Finally, in *Rattray*, the Eighth Circuit upheld a district court's finding that a plaintiff was an inadequate class representative because of an unexplained 14-month delay between the filing of the original complaint and her motion for class certification. *Rattray*, 614 F.3d at 836–37.

While the plaintiffs in *East River Motor Freight System, Inc* and *Rattray* made no effort to advance their cases, Plaintiffs argue they have diligently participated in the litigation. (ECF No. 100 at 23.) Though Plaintiffs filed the original complaint in state court in April 2011, the Court notes that this case has a lengthy procedural history and was not removed to federal court until late 2015. (ECF No. 1.) The Court also notes that the delay is partially attributable to potentially binding case law that was pending during litigation, *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474 (2014). (ECF No. 131 at 14–15.) Plaintiffs filed the instant motion to certify six months after filing the Fifth Amended Complaint. The Court finds that Plaintiffs, unlike the plaintiffs in the cases cited by Defendant MM 879, put forth effort to advance the case toward certification.

Plaintiffs assert that they are represented by counsel with substantial class action experience. (ECF No. 100 at 23.) "The competence of counsel seeking to represent a class is also an appropriate consideration under Rule 23(a)(4)." *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001)

9

(noting that the plaintiffs' lawyers were "experienced in class actions."). Plaintiffs also argue they do not have any conflicts of interest and are committed to this case and to the putative class they seek to represent. (ECF No. 100 at 23); *Las Vegas Sands*, 244 F.3d at 1162 ("The record indicates clearly that [the class representative] understands his duties and is currently willing and able to perform them. The Rule does not require more."). Defendants do not challenge on these bases. Accordingly, the Court finds Plaintiffs have met Rule 23(a)'s adequacy requirement.

2. Rule 23(b)

A proposed class action must also fit within at least one of the three categories of class actions laid out in Rule 23(b). Fed. R. Civ. P. 23(b); *Dukes*, 564 U.S. at 345. Here, Plaintiff seeks certification under Rule 23(b)(3). (ECF No. 100 at 10.) Rule 23(b)(3) provides that a class may be certified if a court finds that "the questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These requirements are commonly known as predominance and superiority. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

a. *Predominance*

Common questions of law and fact must predominate over individual questions. Fed. R. Civ. P. 23(b)(3). The predominance inquiry assesses whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "This analysis presumes that the existence of common issues of fact or law has been established pursuant to Rule 23(a)(2)," but it goes a step further and focuses on the relationship between common and individual issues. *Hanlon*, 150 F.3d at 1022. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id.* (citation omitted).

Defendant BBSI argues that Plaintiffs' minimum wage and overtime subclasses will trigger individual inquiries, such as whether individual employees received any compensation separate from the percentage pay. (ECF No. 118 at 21.) Similarly, Defendants Servicemaster,

Merry Maids, and MM Maids argue that determination of liability will "necessarily depend upon a person by person and week by week analysis of the records at issue." (ECF No. 134 at18.) However, the individualized inquiries raised by Defendants go to damages, not liability. Individual damages calculations cannot defeat class certification. *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010); *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

Here, the common questions required by Rule 23(a)(2) predominate over any purported individual issues. Those common questions include whether the percentage pay compensation scheme and meal period policy violate California law. (ECF. No. 100 at 21); *see Millan*, 310 F.R.D. at 606 ("Although the scope of underpayment will vary from plaintiff to plaintiff, the determination of whether the policies at issue actually violate the California Labor Code will answer a bulk of the inquiry before the Court."); *see also Kurihara*, 2007 WL 2501698, at *10 ("[C]ourts' discomfort with individualized liability issues is assuaged in large part where the plaintiff points to a specific, company-wide policy or practice that allegedly gives rise to consistent liability."). Moreover, Plaintiffs' division of the MM 879 class into more specific subclasses, (ECF No. 100 at 24–26), further reduces the likelihood of individual variance and bolsters the predominance of common issues. Accordingly, the Court finds that common issues predominate.

        b.  *Superiority*

Finally, a Rule 23(b)(3) class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). If there are no viable alternatives to a class action, the class action method is necessarily superior. *Las Vegas Sands, Inc.*, 244 F.3d at 1163.

Plaintiffs assert that superiority is satisfied because individual claims are low in value such that putative class members would be unlikely to pursue their claims independently. (ECF No. 100 at 27.) Plaintiffs assert the putative class has roughly 181 members. (ECF No. 100 at 18.) A large percentage of these class members would have little incentive to prosecute their own

11

claims because the opportunity for recovery pales in comparison to the expense and burden of litigation. *Las Vegas Sands*, 244 F.3d at 1163 (recognizing that, in a case involving "claims for relatively small individual sums," the disparity between optimal recovery and litigation costs would prevent many class members from proceeding individually); *Wolin*, 617 F.3d at 1176 ("Forcing individual[s] . . . to litigate their cases, particularly where common issues predominate for the proposed class, is an inferior method of adjudication.")

Defendants argue Plaintiffs have not proposed a method to efficiently manage the individual issues in this matter. (ECF No. 134 at 26.) As discussed above, common questions predominate over individual questions. Moreover, Plaintiffs contend that individual damages can be calculated using Defendants' time and payroll records, customer service reports, and standard statutory rates. (ECF No. 100 at 27.) Thus, the Court finds that superiority has been met.

### 3. Refinement of the Class Definitions

Defendants Servicemaster, Merry Maids, and MM Maids argue that Plaintiffs' class definitions are untenably circular, fail-safe, and overbroad. (ECF No. 134 at 13–15.) First, Defendants argue that the class and subclass definitions are circular because they cross-reference one another. (ECF No. 134 at 13.) Second, Defendants argue that the subclass definitions are impermissibly fail-safe because membership in the subclasses as written requires a prior finding of liability. (ECF No. 134 at 14) (citing *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010) (explaining that a fail-safe class occurs when "the class itself is defined in a way that precludes membership unless the liability of the defendant is established")). Third, Defendants argue the definitions are overbroad because they span too great a time period and continue through the present without accounting for changes in policies and procedures. (ECF No. 134 at 15.)

In reply, Plaintiffs propose amended class definitions to resolve Defendants' first two concerns, that the current definitions are circular and impermissibly fail-safe. (ECF No. 139 at 10–16.) Plaintiffs' revised class definitions are as follows:

> **Class 1 ('MM 879 Class')** – All current and former non-exempt employees of MM 879 who: (a) Resided within California at any time while performing duties as Home Cleaners, Merry Maids

> Certified Cleaners, or Team Members (or equivalent), from April 6, 2007, through the date of certification; and, (b) Are members of one or more Subclasses.
>
> **Subclass 1 ('Minimum Wage Subclass')** – All current and former non-exempt employees of MM 879 who, from April 6, 2007, through the date of certification: (a) Received wages based on a piece-rate or 'percentage pay' compensation scheme.
>
> **Subclass 2 ('Overtime Subclass')** – All current and former non-exempt employees of MM 879 who, from April 6, 2007, through the date of certification: (a) Received wages based on a piece-rate or 'percentage pay' compensation scheme; and (b) Worked more than eight (8) hours in a workday or more than forty hours in a workweek.
>
> **Subclass 3 ('Rest Period Subclass')** – All current and former non-exempt employees of MM 879 who, from April 6, 2007, through the date of certification: (a) Received wages based on a piece-rate or 'percentage pay' compensation scheme; and (b) Worked in excess of three-and-one-half (3.5) hours on one or more workdays.
>
> **Subclass 4 ('MM 879 Meal Period Subclass')** – All current and former non-exempt employees of MM 879 who, from April 6, 2007, through the date of certification: (a) was provided an employee handbook which did not expressly state that the employee's first uninterrupted, duty-free, thirty-minute meal period which was to commence before the end of the fifth hour of work in any workday in which the employee worked more than five hours; or (b) who was provided an employee handbook which did not expressly state that the employee was entitled to a second uninterrupted, duty-free, thirty-minute meal period which was to commence before the end of the tenth hour of work in any workday in which the employee worked more than ten hours.
>
> **Subclass 5 ('Pay Stub Subclass')** – All members of Subclasses 1, 2, 3, and 4 who, from April 6, 2010, through the date of certification, were provided with one or more wage statements.
>
> **Subclass 6 ('Waiting Time Penalties Subclass')** – All members of Subclasses 1, 2, 3, and 4 who, from April 6, 2008, through the date of certification, were separated from employment at MM 879.
>
> **Class 2 ('PAGA Class')** – All members of any of the Subclass of the MM 879 class.

(ECF Nos. 99, 108, 139.) The Court finds that Plaintiffs' amendments resolve Defendants' concerns about circular and fail-safe definitions. As for Defendants' remaining argument that the proposed time periods are overbroad, the Court agrees with Plaintiffs that such a determination would dispose of substantive questions prematurely. (ECF No. 139 at 12.) In an effort to make the class and subclass definitions more precise, objective, and ascertainable, the Court exercises

its discretion to adopt Plaintiff's proposed amendments.

                4.       <u>Dismissal of Seventh Cause of Action</u>

Defendants Servicemaster, Merry Maids, and MM Maids argue that the Court must dismiss Plaintiffs' seventh cause of action for failure to provide expense reimbursements because Plaintiffs failed to request certification on that ground. (ECF No. 134 at 26.) In reply, Plaintiffs agree that their cause of action for failure to reimburse is not amenable to class treatment and should be dismissed. (ECF No. 139 at 17.) Based on this agreement by the parties, the Court finds that Plaintiff's seventh cause of action should be dismissed with prejudice.

**IV.**    **MOTION TO MODIFY SCHEDULING ORDER**

Plaintiffs state that discovery has been stalled "until the resolution of the pending motion." (ECF No 154 at 4.) Plaintiffs move to modify the scheduling order to conduct additional discovery while their motion for class certification is pending. (ECF No. 154 at 1–2.) The instant order resolves the motion for class certification. Accordingly, the Court denies Plaintiffs' motion to modify the scheduling order as moot.

**V.**    **CONCLUSION**

Therefore, it is HEREBY ORDERED:

1. Plaintiffs' Motion for Class Certification (ECF No. 99) is GRANTED pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), subject to the amended definitions;
2. The Court appoints named Plaintiffs Angela Cruz, Maria Madrigal, Lourdes Baiz, and Christie Goodman as class representatives;
3. The Court appoints Sutton Hague Law Corporation as class counsel;
4. Plaintiffs' seventh cause of action for "Failure to Reimburse Business-Related Expenses in Violation of Labor Code § 2802" is dismissed with prejudice; and
5. The Court DENIES as moot Plaintiffs' Motion to Modify the Scheduling Order, (ECF No. 154).
6. The Parties are Ordered to file a Joint Status Report within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: January 16, 2019

                    Troy L. Nunley
                    United States District Judge