UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CRUZ, MARIA MADRIGAL, LOURDES BAIZ, AND CHRISTIE GOODMAN, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MM 869, INC., a corporation; BARRETT BUSINESS SERVICES, INC., a corporation; THE SERVICEMASTER COMPANY LLC., a corporation; MERRY MAIDS LP, a limited partnership; MM MAIDS LLC, a limited liability corporation, and DOES 1 through 98, inclusive,<br><br>Defendants. | No. 1:15-cv-01563-TLN-EPG<br><br>**ORDER GRANTING MOTION TO RECONSIDER AND MOTION FOR SUMMARY JUDGMENT BY THE SERVICEMATER COMPANY, LLC, MERRY MAIDS, LP, AND MM MAIDS, LLC** |

This matter is before the Court on a motion for reconsideration filed by Defendants the ServiceMaster Company, LLC; Merry Maids, LP; and MM Maids, LLC (collectively "Defendants").[1] (ECF No. 163.) Defendants move for reconsideration of the Court's order denying Defendants' motion for summary judgment/partial summary judgment (ECF No. 162), or

---

[1] Two additional defendants, MM 879, Inc. and Barrett Business Services, Inc., do not join this motion. For the purposes of this motion, "Defendants" refers to the moving defendants, as defined above.

1

in the alternative, for reconsideration of the Court's order granting Plaintiffs' motion for class certification (ECF No. 161). Plaintiffs filed an opposition to the motion (ECF No. 166), and Defendants submitted a reply (ECF No. 167). For the reasons set forth below, Defendants' Motion for Reconsideration is GRANTED, and the Motion for Summary Judgment (ECF No. 112), previously denied on the issue of ostensible agency, is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

All parties are aware of the factual background as set forth in the Court's previous orders (ECF Nos. 162, 161), and that factual background is adopted herein. In summary, the instant action arises from Plaintiffs Angela Cruz, Maria Madrigal, Lourdes Baiz, and Christine Goodman's (collectively "Plaintiffs") certified class action lawsuit alleging violations of various wage and hour laws contained in the California Labor Code by MM 879, Barrett Business Services, and Defendants. (ECF No. 1 at 2.)

The case was removed to this Court on October 14, 2015. (ECF No. 1.) On August 26, 2016, Plaintiffs filed a motion for class certification. (ECF No. 99.) On September 8, 2016, Defendants filed a motion for summary judgment, arguing they could not be held liable for the employment-related practices of its franchisee (MM 879) based on the undisputed facts, and were therefore entitled to judgment dismissing all claims against them as a matter of law. (ECF. No 112 at 6.)

On January 18, 2019, the Court entered an order granting Plaintiffs' motion for class certification and appointing the named Plaintiffs as class representatives. (ECF No. 161 at 14.) On the same day, the Court also entered an order denying Defendants' motion for summary judgment on the issue of Defendants' liability under a theory of ostensible agency. (ECF No. 162 at 16.) Defendants filed the instant motion for reconsideration of those orders on February 1, 2019. (ECF No. 163.)

///
///
///
///

## II. STANDARD OF LAW

### A. Motion to Reconsider

The Court is authorized to reconsider an order under its inherent powers and Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). *See* Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). With respect to non-final orders, such as an order granting in part and denying in part a defendant's motion for summary judgment, the Ninth Circuit has recognized that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 885 (internal quotation marks omitted).

In addition to the inherent power to modify a non-final order, Rule 54(b) authorizes a district court to revise a non-final order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in the controlling law. *Abada v. Charles Schwab & Co.*, Inc., 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). Still, a court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). Even in the context of a non-final order, the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989).

### B. Motion for Summary Judgment

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party always bears the initial responsibility of informing the Court of the basis of its motion, identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). Summary judgment is proper against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a

factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587.

### III. ANALYSIS

Defendants move the Court to reconsider its Order (ECF No. 162) denying summary judgment on the issue of ostensible agency theory of liability.  (ECF No. 163 at 5.)  In the alternative, Defendants urge the Court to reconsider its Order (ECF No. 161) granting class certification to Plaintiffs.  (ECF No. 163 at 5.)  Defendants argue that the Court committed clear error in its orders and therefore should reconsider both rulings.  (*Id.*)

More specifically, Defendants claim they cannot be held liable for Labor Code violations under an ostensible agency theory of liability as a matter of law because the Court has granted summary judgment in their favor on a joint employer theory of liability.  (ECF No. 163 at 12; ECF No. 162 at 14, 16.)  On the issue of class certification, Defendants argue prosecution of the alleged Labor Code violations under an ostensible agency theory is not amenable to class-wide treatment because it would require individual inquiries into class members' individual experiences, thus conflicting with Rule 23's commonality and predominance requirements.  (ECF No. 163 at 18.)  For the reasons set forth below, the Court GRANTS Defendants' motion to reconsider as it pertains to the order denying summary judgment, and pursuant to the same reasoning, GRANTS Defendants' motion for summary judgment on the issue of ostensible agency.

In its January 18, 2019 Order denying summary judgment, the Court found Defendants did not qualify as joint employers under the *Martinez* test because they did not (1) exercise control over the wages, hours, or working conditions; (2) "suffer or permit to work;" or (3) engage, thereby creating a common law employment relationship.  *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010) (using a three-prong test to define "to employ.")  The Court found, however,

that there was a genuine issue of material fact as to whether Defendants were employers under the ostensible agent doctrine. Therein, the Court relied on both *Salazar v. McDonald's Corp.*, 14-cv-02096-RS, 2016 WL 4394165 (N.D. Cal. Aug. 16, 2016) ("*Salazar I*") and *Ochoa v. McDonald's Corp*., 133 F. Supp. 3d 1228 (N.D. Cal. 2015) ("*Ochoa*"). By way of the present motion, Defendants argue the Court committed clear error when it held triable issues exist regarding Defendants' potential liability under the ostensible agency theory but ruled in favor of Defendants on a joint liability theory. (ECF No. 163 at 13.) They reason the latter holding precludes a finding that Defendants can be liable under an ostensible agency theory as a matter of law. (ECF No. 163 at 13.) More specifically, Defendants spend much time discussing the definition of an "employer" as it pertains to liability under the Labor Code. (ECF No. 163 at 13–14.) Defendants assert the Labor Code imposes obligations only on "employers" and defines "employers" as those exercising control over the employee, and thus, the definition of an employer does not and cannot include an ostensible agent. *Id.*

The instant motion points to the Court's reliance on *Salazar I* in its summary judgment order (ECF No. 163 at 15.) and argues *Salazar v. McDonald's Corp.*, 14-cv-02096-RS, 2017 WL 950986 (N.D. Cal. 2017) ("*Salazar II*"), which later granted summary judgment to the franchisor defendant on the issue of ostensible agent liability, demonstrates Defendants here cannot be liable as a matter of law. (ECF No. 163 at 16–17.)

In opposition, Plaintiffs rely on the fact that Defendants provide no new evidence or case law requiring the Court to reconsider its previous ruling. (ECF No. 166 at 2.) They contend Defendants' motion misuses the reconsideration mechanism to repackage arguments made on previously decided motions. (ECF No. 166 at 5.) Plaintiffs also point out that *Salazar II* was on appeal when the motion was filed. (ECF No. 166 at 3.)

Subsequent to filing their motion (and while that motion was submitted and pending before the Court), Defendants filed a notice of supplemental authority from the Ninth Circuit, determining the *Salazar* matter on appeal. *Salazar v. McDonald's Corp.*, 944 F.3d 1024 (9th Cir.

2019) ("*Salazar III*"). While this Court continues to find *Ochoa* well-reasoned,[2] *Salazar III* is now controlling authority and this Court must apply that analysis here.

The Ninth Circuit in *Salazar III* expressly found a franchisor could not be held liable for wage and hour violations under an ostensible agency theory pursuant to Wage Order 5-2001. *Salazar III*, 944 F.3d at 1033. The court specifically looked to the definition of "employer" from Wage Order 5-2001 § 2(H) and from that definition, concluded that, "[b]y its plain terms, the reference to an 'agent' applies only to an entity that actually employs the worker or that actually exercises control over the wages, hours, or working conditions of the worker." *Salazar III*, 944 F.3d at 1033. The court, citing Cal. Civ. Proc. Code § 1859, further noted that while "agency principles ordinarily encompass both actual and ostensible agency … the Wage Order is more specific and, therefore, controls." *Salazar*, 944 F.3d at 1033. As a result, the ostensible agency theory is inconsistent with the plain terms of the Wage Order and is therefore precluded as a matter of law. *Id.*

This controlling authority provides grounds for this Court to reconsider its prior order denying summary judgment. Plaintiffs here bring their wage and hour claims under the California Labor Code, and therefore the same interpretation of the Wage Order must apply. Consequently, pursuant to Ninth Circuit precedent as set forth in *Salazar III*, this Court must find the ostensible agency theory does not apply as a matter of law. As a result, there are no longer material issues of triable fact precluding summary judgment in favor of Defendants, and summary judgment is therefore GRANTED.[3]

///

---

[2] As discussed in the Court's previous Order on Defendants' Motion for Summary Judgment (ECF No. 162), the court in *Ochoa* held the defendant franchisor was not an "employer" jointly liable for labor violations, but nevertheless found genuine issues of fact as to whether the franchisor was liable under an ostensible agency theory. *Ochoa*, 133 F. Supp. 3d at 1239–1240.

[3] Defendants also move the Court in the alternative to reconsider the order granting Plaintiffs' class certification pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). (ECF No. 161 at 14.) Because the Court has now entered summary judgment in favor of the moving Defendants on the issue of ostensible agency, these alternate grounds need not be addressed.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration (ECF No. 163) is GRANTED and the Motion for Summary Judgment (ECF No. 112), previously denied on the issue of ostensible agency, is GRANTED. Moving Defendants ServiceMaster Company, LLC; Merry Maids, LP; and MM Maids, LLC are hereby DISMISSED from the action.

IT IS SO ORDERED.

Dated: January 30, 2020

Troy L. Nunley
United States District Judge