UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CRUZ; MARIA MADRIGAL; LOURDES BAIZ; and CHRISTIE GOODMAN, individually, residing in California,<br><br>Plaintiffs,<br><br>v.<br><br>MM 879, INC.; BARRETT BUSINESS SERVICES, INC.; THE SERVICEMASTER COMPANY, LLC; MERRY MAIDS LP; and MM MAIDS LLC.<br><br>Defendants. | No. 1:15-cv-01563-TLN-EPG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

This matter is before the Court on Plaintiffs Angela Cruz, Maria Madrigal, Lourdes Baiz, and Christie Goodman's (collectively, "Plaintiffs") Motion for Reconsideration.  (ECF No. 183.)  Defendants The ServiceMaster Company, LLC ("ServiceMaster"), Merry Maids, LP ("Merry Maids"), MM Maids, LLC ("MM Maids") (collectively, "Defendants") filed an opposition.  (ECF No. 188.)  Plaintiffs did not file a reply.  For the reasons set forth below, the Court DENIES Plaintiffs' motion.

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

All parties are aware of the factual background as set forth in the Court's previous orders (ECF Nos. 162, 161), and that factual background is adopted herein. In summary, the instant action arises from Plaintiffs' certified class action lawsuit alleging violations of various California wage and hour laws. (*See generally* ECF No. 94.) The case was removed to this Court on October 14, 2015. (ECF No. 1.)

On August 26, 2016, Plaintiffs filed a motion for class certification. (ECF No. 99.) On September 8, 2016, Defendants filed a motion for summary judgment, arguing they could not be held liable for the employment-related practices of a franchisee (Defendant MM 879, Inc.) based on the undisputed facts, and were therefore entitled to judgment dismissing all claims against them as a matter of law. (ECF No. 112 at 6.)

On January 18, 2019, the Court entered an order granting Plaintiffs' motion for class certification and appointing the named Plaintiffs as class representatives. (ECF No. 161 at 14.) On the same day, the Court also entered an order granting Defendants' motion for summary judgment as to Plaintiffs' joint employment theory of liability and denying the motion as to Plaintiffs' ostensible agency of liability. (ECF No. 162 at 16.)

Defendants filed a motion for reconsideration of those orders on February 1, 2019. (ECF No. 163.) In support of their motion, Defendants cited the Ninth Circuit's intervening decision in *Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1033 (9th Cir. 2019) ("*Salazar III*"), wherein the court held that a franchisor could not be held liable for wage and hour violations under an ostensible agency theory pursuant to Wage Order 5-2001. On January 31, 2020, the Court — now bound by *Salazar III* — granted Defendants' motion for reconsideration and dismissed ServiceMaster, Merry Maids, and MM Maids from the action. (ECF No. 182.) Plaintiffs filed the instant motion for reconsideration on February 28, 2020. (ECF No. 183.)

///
///
///
///

## II.     STANDARD OF LAW

The Court may grant reconsideration under Federal Rule of Civil Procedure ("Rule") 59(e) or Rule 60. *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). Plaintiffs bring the instant motion pursuant to both Rules, as well as Local Rule 230. (ECF No. 183-1 at 2.)

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255.

Under Rule 60(b), the Court may relieve Plaintiffs from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Under Local Rule 230(j), a party seeking reconsideration must set forth the material facts and circumstances surrounding the relief requested, including "what new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions for reconsideration are addressed to the sound discretion of the court. *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

///

///

///

3

### III. ANALYSIS

On February 28, 2020, Plaintiffs moved for reconsideration due to the possibility that a change in controlling law was forthcoming. (ECF No. 183-1 at 7–8.) Plaintiffs cited *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045, 1049 (9th Cir. 2019), wherein the Ninth Circuit certified the following question to the California Supreme Court: "Does *Dynamex Operations West Inc. v. Superior Court*, 4 Cal. 5th 903, 232 (2018), apply retroactively?"[1] (*Id.*) Plaintiffs emphasized that on October 25, 2019, the parties in *Vazquez* requested the California Supreme Court answer three additional questions of California law, one of which asked the Court to determine whether *Dynamex* is applicable in determining whether an entity is a joint employer. (*Id.*) Plaintiffs argued that if the California Supreme Court agreed to answer the question and subsequently determined that *Dynamex* applies to the joint employer inquiry, there would be a genuine dispute of fact making summary judgment inappropriate on the question of joint employment. (*Id.* at 12.) Plaintiffs therefore moved the Court to reconsider its grant of summary judgment to allow the California Supreme Court to issue its opinion in *Vazquez*. (*Id.*)

On March 3, 2020, Plaintiffs filed a Notice of Correction, informing the Court that Plaintiffs' counsel failed to notice that the California Supreme Court had already declined to answer the additional questions in *Vazquez* two days before Plaintiffs filed their motion for reconsideration. (ECF No. 186.) Plaintiffs state, "Due to the California Supreme Court's refusal to address the joint employment question in *Vazquez*, the arguments raised in Plaintiffs' Motion for Reconsideration that are premised on the California Supreme Court's anticipated ruling on this question are no longer currently viable and are therefore withdrawn." (*Id.* at 2.) However, Plaintiffs maintain their underlying argument that *Dynamex* applies to the joint employment inquiry. (*Id.* at 2–3.)

---

[1] In *Dynamex*, the California Supreme Court considered "what standard applies, under California law, in determining whether workers should be classified as employees or as independent contractors *for purposes of California wage orders*" dealing with minimum wages, maximum hours, and other basic working conditions of California employees. 4 Cal. 5th at 913 (emphasis in original). The *Dynamex* court ultimately adopted what is "commonly referred to as the 'ABC' test" to distinguish employees from independent contractors. *Id.* at 916.

4

In opposition, Defendants argue there are no remaining grounds for reconsideration because *Dynamex* is not "new law." (ECF No. 188 at 2.) The Court agrees. Plaintiffs initially hinged their motion on the intervening change in controlling law that *might* have occurred had the California Supreme Court chosen to address the question of whether *Dynamex* applied to joint employment claims in *Vazquez*. (ECF No. 183-1 at 5 ("Plaintiffs assert that recent and ongoing litigation regarding the correct interpretation and application of *Dynamex* constitutes an intervening development in controlling case law, which warrants reconsideration of the Court's prior order granting summary judgment in favor of the Merry Maids Defendants.").) As discussed, the California Supreme Court declined to address the relevant question and therefore left the law unchanged.

Although Plaintiffs now argue that *Dynamex* applies to the joint employer inquiry, Plaintiffs concede that *Dynamex* — decided in 2018 — is "not, at this point, 'new' law." (*Id.* at 4.) As Defendants point out, the *Dynamex* decision was issued on April 30, 2018, which was eight months before the Court issued its initial order granting in part and denying in part Defendants' motion for summary judgment and twenty months before the Court issued its order granting Defendants' motion for reconsideration. (*See* ECF Nos. 162, 182.) Plaintiffs do not explain why they failed to raise any arguments related to *Dynamex* during that time. Thus, *Dynamex* cannot be the basis for Plaintiffs' motion for reconsideration. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (explaining that a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (citation and internal quotation marks omitted); *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) ("A motion for reconsideration may not be used to get a second bite at the apple.") (citation and quotation marks omitted).

Even if the Court were to reach the merits of Plaintiffs' motion, several courts have determined that *Dynamex* does not apply to joint employment claims. In *Salazar III*, for example,

the Ninth Circuit found that *Dynamex* was irrelevant to the question of whether a franchisor was a joint employer of its franchisee's employees. 944 F.3d at 1032 ("[*Dynamex*] has no bearing here, because no party argues that Plaintiffs are independent contractors."). Similarly, no parties in the instant case argue that Plaintiffs were independent contractors. More importantly, at least two California appellate courts have already rejected Plaintiffs' argument in well-reasoned decisions. *See Curry v. Equilon Enterprises, LLC*, 23 Cal. App. 5th 289, 314 (2018), *as modified on denial of reh'g* (May 18, 2018), *review denied* (July 11, 2018) ("[T]he 'ABC' test set forth in *Dynamex* is directed toward the issue of whether employees were misclassified as independent contractors . . . it does not appear that the Supreme Court intended for the 'ABC' test to be applied in joint employment cases."); *Henderson v. Equilon Enterprises, LLC*, 40 Cal. App. 5th 1111, 1125 (2019), *review denied* (Feb. 11, 2020) ("[W]e conclude that the ABC test in *Dynamex* does not fit analytically with and was not intended to apply to claims of joint employer liability."). In the absence of a ruling from the California Supreme Court or convincing evidence that the state's highest court would rule differently, this Court is "obligated to follow the decisions of the state's intermediate appellate courts." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990).

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Reconsideration. (ECF No. 183.)

IT IS SO ORDERED.

DATE:  November 24, 2020

Troy L. Nunley
United States District Judge