# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CRUZ, et al., | No. 1:15-cv-01563-TLN-EPG |
| Plaintiffs, | |
| v. | **ORDER** |
| MM 879, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs Angela Cruz, Maria Madrigal, Lourdes Baiz, and Christie Goodman's (collectively, "Plaintiffs") Motion to Modify the Scheduling Order. (ECF No. 219.) Defendant Barrett Business Services, Inc. ("BBSI") filed an opposition. (ECF No. 220.) Defendant MM 879, Inc. ("MM 879") filed a statement of non-opposition. (ECF No. 222.) Plaintiffs filed a reply. (ECF No. 223.) For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

Plaintiffs requests a three-month extension of the discovery cutoff — from June 30 to September 30, 2023. (ECF No. 219-1 at 5.) The Scheduling Order in this case provides that, pursuant to Federal Rule of Civil Procedure ("Rule") 16(b), the order "shall not be modified except by leave of court upon a showing of good cause." (ECF No. 209 at 7.) The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party

1   seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.
2   1992) (citation and quotations omitted).  "Moreover, carelessness is not compatible with a finding
3   of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of
4   prejudice to the party opposing the modification might supply additional reasons to deny a
5   motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id.*
6   "If that party was not diligent, the inquiry should end."  *Id.*

7   Plaintiffs argue that due to delays in the administration of the Class Notice, the Class List
8   following notice administration is currently expected to be provided on June 28, 2023.  (ECF No.
9   219-1 at 5.)  Plaintiffs request the Court extend the discovery deadline to verify the completeness
10  of those records and allow for further discovery if it is determined that any Class Member time
11  and payroll records have not been produced.  (*Id.*)  MM 879 does not oppose Plaintiffs' request.
12  (ECF No. 222.)  BBSI filed an opposition, arguing there is no basis for an extension of the
13  discovery deadline as Plaintiffs "have had more than ample time to confirm the accuracy of the
14  lists of putative class members."  (ECF No. 220 at 2.)  BBSI further states "[i]n the event the
15  Court is inclined to allow a short extension of the discovery cutoff, the extension should be
16  strictly limited, and no further written discovery or depositions should be permitted."  (ECF No.
17  220 at 2.)  In reply, Plaintiffs argue they have not had "ample time" to review the lists because
18  they will not have access to the actual Class List until notice administration is complete.  (ECF
19  223 at 2.)  Plaintiffs further argue any additional Class Member records likely will be requested
20  from and produced by MM 879, not BBSI.  (*Id.* at 2–3.)  Plaintiffs thus argue BBSI will not be
21  prejudiced if the Court extends the discovery deadline.  (*Id.* at 3.)

22  The Court finds Plaintiffs have been reasonably diligent considering the delays caused by
23  the extensive motion practice and the appeal in this case.  Plaintiffs have also shown that —
24  despite those delays — they diligently pursued discovery, communicated with defense counsel,
25  and filed necessary motions regarding class notice.  MM 879, the party who has produced Class
26  Member records in this case thus far, does not oppose an extension.  Although BBSI opposes an
27  extension, BBSI has not persuaded the Court that Plaintiffs have been careless or that an
28  extension will unduly prejudice BBSI.

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Modify the Scheduling Order.  (ECF No. 219.)  The Court's Pretrial Scheduling Order of August 8, 2022 (ECF No. 209) is hereby modified to provide that the deadline for completion of nonexpert discovery, in Section IV of the Scheduling Order, is extended from June 30, 2023, to September 30, 2023.  All other dates and deadlines in the Scheduling Order which are calculated based on the date on which discovery is closed shall run from the extended deadline of September 30, 2023.

IT IS SO ORDERED.

Date:  June 28, 2023

Troy L. Nunley
United States District Judge